14-3003
Wik v. Dollinger

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

DANIEL J. WIK,

> *Plaintiff-Appellant*,

> v.                                                                                            14-3003-cv

RICHARD A. DOLLINGER,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:                    Daniel J. Wik, pro se, Rochester, New York.

FOR DEFENDANT-APPELLEE:                    Frank Brady, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Attorney General, of counsel), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from the judgment and order of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Daniel J. Wik, proceeding pro se, appeals the district court's judgment dismissing his complaint and its order denying reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Upon review, we conclude that the district court properly dismissed Wik's complaint because it failed to state a claim for relief. Wik's claim for damages against Justice Dollinger in his official capacity is barred by the Eleventh Amendment. *See Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009). Justice Dollinger is immune from a personal suit for money damages because when he allegedly rescinded the writ of habeas corpus granted to Wik, he was acting within his judicial

2

capacity. *See Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009) (recognizing that "even allegations of bad faith or malice cannot overcome judicial immunity").

With regard to Wik's claims for equitable relief, he lacks standing to pursue such relief, as he has not shown any likelihood that Justice Dollinger will harm him again in a similar fashion. *See Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012). Finally, Wik has abandoned any challenge to the district court's order regarding attorney's fees by failing to raise it in his brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

We have considered all of Wik's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3